**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

```
------------------------------------------------- x
                                            :
FRANCIS DEAUGUSTINE,                        : Civil Action No. __2:20-cv-1828__
on behalf of himself and                    :
similarly situated employees,               :
                                            : INDIVIDUAL AND
            Plaintiff,                       : COLLECTIVE/CLASS
                                            : ACTION COMPLAINT
            v.                              :
                                            :
BAYER CORPORATION,                          : Jury Trial Demanded
                                            :
            Defendant.                      : Electronically Filed
                                            :
------------------------------------------------- X
```

**INDIVIDUAL AND COLLECTIVE/CLASS ACTION COMPLAINT**
**Nature of the Action, Jurisdiction, and Venue**

1.  This is an individual and collective/class action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 207(a) & 216(b), the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. §§ 333.104(c) & 333.113, the common law (breach of contract) and the PA Wage Payment and Collection Law (WPCL) (43 P.S. § 260.3). Plaintiff will also be amending this complaint to bring claims under the Age Discrimination in Employment Act (ADEA) (29 U.S.C. §621 et seq.) on or about 60 days after his having filed a charge of age discrimination with the Equal Employment Opportunity Commission (EEOC) (charge filed November 12, 2020).

2.  Jurisdiction of this court is invoked under 28 U.S.C. § 1331 and, for the supplemental state claims, 28 U.S.C. § 1367(a).

3.  The actions and policies alleged to be unlawful were committed in whole or in part around Pittsburgh, PA, where Plaintiff worked for Defendant. This action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

## Parties

4.  **Plaintiff Francis DeAugustine** resides in Peters Township, PA 15317. Plaintiff was employed by Defendant Bayer Corporation (through Belcan TechServices) with the most recent title of Construction Superintendent from in or about May 1999, until on or about July 15, 2020.

5.  Plaintiff reported to Defendant's Pittsburgh, PA, office.

6.  Plaintiff regularly performed work within the state of Pennsylvania.

7.  **Defendant Bayer Corporation** is a global enterprise with core competencies in the Life Science fields of health care and agriculture. Defendant maintains its headquarters in Whippany, New Jersey, and maintains a Pittsburgh office at 100 Bayer Road, Pittsburgh, PA 15205.

8.  At all relevant times Defendant has been an enterprise engaged in interstate commerce with annual revenues in excess of $500,000 and has been subject to the provisions of Section 3(s)(1) of the FLSA, 28 U.S.C. § 213(s)(1).

9.  Defendant has regularly employed individuals such as Plaintiff in the state of Pennsylvania in the performance of work on behalf of Defendant and is subject to the provisions of the PMWA.

## Statement of Collective/Class and Individual Claims

10. Defendant employed Plaintiff from on or about May 12, 1997, until on or about July 15, 2020.

11. Initially Plaintiff held the position of CSA CADD Designer in 1997. Plaintiff's most recent title was Construction Superintendent reporting to Defendant's Pittsburgh, PA, office.

12. Plaintiff worked for the past twenty or so years in what is called the Site Maintenance

Department.

13.     The Site Maintenance Department is led by a Site Director.

14.     The Site Director has several managers reporting to him/her, including department managers and project engineers.

15.     The Site Director and managers are paid a salary.

16.     There are also in excess of 15 employees in the Site Maintenance Department who are paid an hourly rate of pay.

17.     This includes Plaintiff.

18.     The hourly employees in the Site Maintenance Department, including Plaintiff, are non-exempt within the meaning of the FLSA and PMWA.

19.     The hourly employees in the Site Maintenance Department, including Plaintiff, record their work hours in a standard, common time-keeping system.

20.     The hourly employees in the Site Maintenance Department, including Plaintiff, are entitled to overtime pay at time–and-one-half their regular rate of pay for any hours worked over 40 hours in a workweek.

21.     The hourly employees in the Site Maintenance Department, including Plaintiff, in fact have worked more than 40 hours in workweeks since three years before the filing of this lawsuit (since November 24, 2017).

22.     Despite the fact the hourly employees in the Site Maintenance Department, including Plaintiff, have worked more than 40 hours in workweeks since November 24, 2017, they have not been paid all overtime pay that they are entitled to.

23.     The hourly employees in the Site Maintenance Department, including Plaintiff, have worked off-the-clock overtime hours in workweeks since November 24, 2017.

24.     Defendant has known the hourly employees in the Site Maintenance Department, including Plaintiff, have worked off-the-clock overtime hours in workweeks since November 24, 2017.

25.     In turn, Defendant has known it has not paid all overtime pay owed to the hourly employees in the Site Maintenance Department, including Plaintiff, since November 24, 2017.

26.     Defendant has knowingly suffered and permitted the hourly employees in the Site Maintenance Department, including Plaintiff, to work unrecorded, uncompensated overtime hours since November 24, 2017.

27.     There are multiple reasons the hourly employees in the Site Maintenance Department, including Plaintiff, have not recorded all of their work hours.

28.     This includes, but is not limited to:  Defendant's failure to provide clear instructions to the hourly employees regarding what is or is not work time or what time is to be recorded as work time; Defendant's policy of having the hourly employees enter shift times in their time records instead of entering actual work times; Defendant's policy of having the time records entered only weekly instead of daily in order to reflect the actual times worked in a given day; Defendant's policy of prohibiting overtime unless "the job required it" and management approved it regardless of how many hours it actually took the hourly employees to complete the jobs; and, Defendant's policy of excluding lunch time (typically an hour) from work time regardless of whether the hourly employees worked all or part of the lunch hour.

29.     Defendant knew that these policies (described in Par. 28, above), individually and cumulatively, resulted in the under-reporting of work time and, in turn, the underpayment of overtime wages otherwise due.

30.     Alternatively, Defendant reasonably should have known that these policies (described in Par. 28, above), individually and cumulatively, resulted in the under-reporting of work

time and, in turn, the underpayment of overtime wages otherwise due.

31.     Despite this knowledge, Defendant suffered and permitted the hourly employees in the Site Maintenance Department, including Plaintiff, to continue to work uncompensated off-the-clock time.

32.     Plaintiff was paid an hourly rate of $44.51.

33.     Upon information and belief the other hourly employees in the Site Maintenance Department were paid between $15 per hour and $50 per hour.

34.     Plaintiff worked more than 40 hours in most workweeks during his employment.

35.     The other hourly employees in the Site Maintenance Department have regularly worked more than 40 hours in workweeks since November 24, 2017.

36.     Defendant has known since at least November 24, 2017, that the failure to pay for all overtime hours worked by the hourly employees in the Site Maintenance Department, including Plaintiff, violates the overtime provisions of the FLSA and the PMWA.

37.     In the alternative, Defendant has acted in reckless disregard of and indifference toward the FLSA and PMWA by failing to make a good-faith effort to assure the hourly employees in the Site Maintenance Department, including Plaintiff, are recording all overtime hours worked and that Defendant is paying the proper overtime rate for all overtime hours worked.

38.     Defendant has also failed to maintain accurate records of the time worked by the hourly employees in the Site Maintenance Department, including Plaintiff, as required by 29 C.F.R. § 516.2.

39.     Defendant's policies of requiring and/or permitting off-the-clock work, not maintaining accurate time records and failing to pay overtime wages due in overtime workweeks is in violation of the FLSA and the PMWA.

40.     Defendant has knowingly and intentionally violated the FLSA's explicit requirement at 29 U.S.C. §211(c) that it maintain accurate records of time worked, and at 29 U.S.C. §207(a) that it pay a premium rate for overtime worked.

41.     As a result of the time-keeping policies outlined in Par. 28, above, Defendant has also failed to pay the hourly employees in the Site Maintenance Department, including Plaintiff, for all regular wages due in non-overtime workweeks.

42.     Defendant made a promise to the hourly employees in the Site Maintenance Department, including Plaintiff, to pay them a certain hourly rate for their hours worked.

43.     The hourly employees in the Site Maintenance Department, including Plaintiff, accepted the promise made by Defendant and performed their duties in accordance with the promise made by Defendant.

44.     The promise by Defendant, and the acceptance of and reliance upon that promise by the hourly employees in the Site Maintenance Department (including Plaintiff), created an enforceable contractual obligation by Defendant to pay the promised regular rate of pay for hours worked.

45.     The failure by Defendant to pay the promised regular rate of pay for hours worked is a breach of contract.

46.     As a result of the breach of contract the hourly employees in the Site Maintenance Department, including Plaintiff, are entitled to the benefit of the bargain (payment of the promised regular rate of pay for all hours worked), plus interest and compensatory damages and, as well, penalties under the PA-WPCL.

## COUNT I:  VIOLATION OF THE FLSA
### Individual and Collective Action

47.     Plaintiff incorporates by reference paragraphs 1 through 46 of this complaint as though the same were more fully set forth herein.

48.    Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department are employees of Defendant within the meaning of the FLSA.

49.    Defendant is an employer within the meaning of the FLSA.

50.    Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department are non-exempt within the meaning of the FLSA.

51.    Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department record their work hours in a standard, common time-keeping system.

52.    Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department are entitled to overtime pay at time–and-one-half their regular rate of pay for any hours worked over 40 hours in a workweek.

53.    Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department have regularly worked more than forty hours in workweeks since November 24, 2017.

54.    Defendant has not paid all overtime compensation due to Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department when they have worked more than forty hours in workweeks since November 24, 2017.

55.    The similarly situated employees for purposes of this action are the hourly employees in the Site Maintenance Department who have worked more than 40 hours in one or more workweeks since three years prior to the filing of this Complaint and who have not been paid all overtime owed because they, like Plaintiff, are subject to the same common time-keeping policies (see ¶ 28).

56.    Defendant's failure to pay overtime to Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department has violated the FLSA.

57.    For at least the past three years, Defendant's violations of the FLSA have been knowing,

willful, and in reckless disregard of the FLSA's overtime requirements.

58.     Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department are entitled to recover from Defendant the overtime pay improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

59.     Defendant has knowingly and intentionally violated the FLSA's requirement at 29 U.S.C. §211(c) that it maintain accurate records of time worked, and at 29 U.S.C. §207(a) that it pay a premium rate for overtime worked.

60.     Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department are also entitled to recover liquidated damages under the FLSA.

## COUNT II:  VIOLATION OF THE PMWA
### Individual and Class Action

61.     Plaintiff incorporates by reference paragraphs 1 through 60 of this complaint as though the same were more fully set forth herein.

62.     Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department are employees of Defendant within the meaning of the PMWA.

63.     Defendant is an employer within the meaning of the PMWA.

64.     Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department are non-exempt within the meaning of the PMWA.

65.     Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department record their work hours in a standard, common time-keeping system.

66.     Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department are entitled to overtime pay at time–and-one-half their regular rate of pay for any hours worked over 40 hours in a workweek.

67.     Plaintiff and all other similarly situated hourly employees in the Site Maintenance

Department have regularly worked more than forty hours in workweeks since November 24, 2017.

68.   Defendant has not paid all overtime compensation to Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department when they have worked more than forty hours in workweeks since November 24, 2017.

69.   The similarly situated employees for purposes of this action are the hourly employees in the Site Maintenance Department who have worked more than 40 hours in one or more workweeks since three years prior to the filing of this Complaint and who have not been paid overtime because they, like Plaintiff, are subject to the same common time-keeping policies (see ¶ 28).

70.   Defendant's failure to pay overtime to Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department has violated the PMWA.

71.   For at least the past three years, Defendant's violations of the PMWA have been knowing, willful, and in reckless disregard of the PMWA's overtime requirements.

72.   Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department are entitled to recover from Defendant the overtime pay improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

## COUNT III:  BREACH OF CONTRACT
### Individual and Class Action

73.   Plaintiff incorporates by reference paragraphs 1 through 72 of this complaint as though the same were more fully set forth herein.

74.   Defendant made a promise to Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department to pay them a certain hourly rate for their hours worked.

75.    Those promises created enforceable contractual obligations.

76.    Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department provided consideration for those promises by promising to deliver and actually delivering valuable services to Defendants.

77.    Despite its contractual obligation to compensate Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department for work performed, Defendant breached those contractual obligations when it failed to pay the promised regular rate of pay for all hours worked.

78.    The amount owed to Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department represents wages.

79.    Defendant did not have any good-faith basis on which to withhold the wages.

80.    As a result of Defendant's breaches, Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department have been denied the benefit of the bargain, and have suffered substantial damages in the form of unpaid wages.

81.    Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department are entitled to damages commensurate with the unpaid wages, plus interest, plus compensatory damages resulting from the breach.

<u>**COUNT IV:  VIOLATION OF THE WPCL**</u>
<u>**Individual and Class Action**</u>

82.    Plaintiff incorporates by reference paragraphs 1 through 81 of this complaint as though the same were more fully set forth herein.

83.    Defendant's contractual obligation to pay Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department for hours worked each hour at an agreed

upon amount created obligations under the WPCL, 43 P.S. § 260.1 *et seq*.

84.    The compensation Defendant failed to pay to Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department for hours worked constitutes wages within the meaning of the WPCL.

85.    Defendant violated the WPCL by failing to pay the promised wages to Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department.

86.    Defendant did not have any good-faith basis for withholding the promised wages.

87.    Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department are entitled to unpaid wages as well as statutory penalties (25% of unpaid wages), pre-judgment and post-judgment interest, attorneys' fees, and costs.

## PRAYER FOR RELIEF

88.    WHEREFORE, Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department subject to the common time-keeping policies (see ¶ 28) denying them overtime due as a result of working more than 40 hours in workweeks since November 2017 respectfully request that this Court:

   A.    order Defendant to pay compensatory damages equal to the unpaid overtime compensation owed to Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department;

   B.    order Defendant to pay liquidated damages (under the FLSA) to Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department;

   C.    order Defendant to pay unpaid wages, plus compensatory damages resulting from the breach of contract, as well as statutory penalties (25% of unpaid wages), pre-judgment and post-judgment interest, attorneys' fees, and costs under the PA-

WPCL.

D.  order Defendant to pay pre- and post-judgment interest as well as the litigation costs and reasonable attorneys' fees incurred by Plaintiff and all other similarly situated hourly employees in the Site Maintenance Department; and,

E.  grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

 s/Joseph H. Chivers
Joseph H. Chivers, Esq.
PA ID No. 39184
The Employment Rights Group, LLC
100 First Avenue, Suite 650
Pittsburgh, PA  15222-1514
jchivers@employmentrightsgroup.com
Tel: (412) 227-0763/Fax: (412) 774-1994

*Counsel for Plaintiff*
*and all others similarly situated*

Dated: <u>November 24, 2020</u>